**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

[Proposed] Lead Counsel for Plaintiff and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| MARK GREY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CASE No.: 1:08-cv-04906-MGC |
| | CLASS ACTION |
| Plaintiffs, | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| vs. | |
| NEXCEN BRANDS, INC., DAVID S. OROS, ROBERT W. D'LOREN, and DAVID B. MIESTER, | |
| Defendants. | |

------------------------------------------------------------X

| | |
|---|---|
| GHIATH HAMMOUD & WAEL HAMMOUD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CASE No.: 08-CV-5063-MGC |
| | CLASS ACTION |
| Plaintiffs, | |
| vs. | |
| NEXCEN BRANDS, INC., ROBERT W. D'LOREN, and DAVID B. MEISTER, | |
| Defendants. | |

------------------------------------------------------------X

(*caption continues*)

```
------------------------------------------------------------X
RONALD DOTY, INDIVIDUALLY AND ON            CASE No.: 1:08-cv-05172-MGC
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,                                    CLASS ACTION

            Plaintiffs,

      vs.

NEXCEN BRANDS, INC., DAVID S. OROS,
ROBERT W. D'LOREN, and DAVID B.
MIESTER,

            Defendants.
------------------------------------------------------------X
FRANK B. FALKENSTEIN, INDIVIDUALLY           CASE No.: 1:08-cv-06126-UA
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED,                          CLASS ACTION

            Plaintiffs,

      vs.

NEXCEN BRANDS, INC., DAVID S. OROS,
ROBERT W. D'LOREN, and DAVID B.
MIESTER,

            Defendants.
------------------------------------------------------------X
```

Plaintiff Malgorzata Ozor ("Movant" or "Ozor") respectfully submits this memorandum of law in support of her motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u-4(a)(3)(B)) (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

   (1)   consolidating the above-captioned related actions;

   (2)   appointing Ozor as Lead Plaintiff for the class of all purchasers of securities of Nexcen Brands, Inc. ("Nexcen" or the "Company"), during the period from May 10, 2007 through May 19, 2008 (the "Class Period"); and

(3) approving Movant's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Defendant Nexcen is a Delaware Corporation with its principal executive offices at 1330 Avenue of the Americas, New York, New York. Nexcen operates as a brand management and franchising company in the U.S. and abroad. The company licenses and franchises brand names and intellectual property. The Complaint asserts that Nexcen's public announcements and periodic reports filed with the SEC during the Class Period were materially false and misleading because defendants materially misrepresented and failed to disclose that the Company was able to finance a portion of one of its major acquisitions by agreeing to an accelerated-redemption feature, which would force the Company to pay back half of its borrowing by a certain date; that the Company was unable to comply with this accelerated-redemption feature, which would reduce the amount of cash available to the Company; that the Company had no reasonable basis for its earnings guidance for fiscal 2008; and as a result of the foregoing, the Company's ability to continue as a going concern was in serious doubt.

On May 28, 2008 the first of four putative class actions were against the Company and certain of its officers, directors, and agents for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a law firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim, ("Kim Decl.") Ex. 1.

# ARGUMENT

## I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (citations omitted). The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Here, each of the above-captioned actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II. THE MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the

latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A. The Movant Is Willing to Serve as Class Representative

Ms. Ozor has filed the instant motion, and has filed with this Court a Certification attesting that she is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2. Ozor has been actively working to prosecute this action and has agreed to continue to work with class counsel. Accordingly, Ms. Ozor satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. The Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person…that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts

simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors used to compare a movant's financial interest, financial loss is the most significant factor. *In re Fuwei Films Secs. Litig.*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)); *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten factors, approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Plaintiff Ozor purchased 57,135 shares of Nexcen stock at a cost of $187,862.79 during the Class Period. Ms. Ozor still holds 31,470 of these shares and thus, has suffered approximate losses of $91,416.22.[2] *See* Kim Decl., Ex. 3. Movant is not aware of any other movants that have suffered greater losses in Nexcen securities during the Class Period. Accordingly, with total losses of $91,416.22, Ozor satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

[2] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock ($0.54) after the end of the Class Period to July 25, 2008, as the 90 days have not elapsed pursuant to the PSLRA look-back period. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the lead plaintiff satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. at 439  (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Ms. Ozor fulfills the requirements of Rule 23. Her claims share substantially similar questions of law and fact with those of the members of the class and her claims are typical of those of the members of the class.  Movant and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements. Ms. Ozor, as did all of the members of the class, purchased Nexcen shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby.  These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Ms. Ozor and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant Movant's motion to serve as Lead Plaintiff.

      **D.**      **Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Ms. Ozor as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

    (a)    will not fairly and adequately protect the interest of the class; or

    (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Ms. Ozor's ability and desire to fairly and adequately represent the class have been discussed in Section C, above. Movant is not aware of any unique defenses defendants could raise against her that would render her inadequate to represent the class. Accordingly, the Court should appoint Ms. Ozor as Lead Plaintiff for the Class.

## III.    THE MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Ms. Ozor has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors *See* Kim

Decl., Ex. 4. As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing Malgorzata Ozor as Lead Plaintiff of the class; (3) approving Ozor's selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: July 28, 2008

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this on the 28th July, 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                              /s/ Phillip Kim