UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
MARK GRAY, Individually and On Behalf of : Civil Action No. 1:08-cv-04906-MGC
All Others Similarly Situated,                :
                                              : CLASS ACTION
            Plaintiff,                        :
                                              :
    vs.                                       :
                                              :
NEXCEN BRANDS, INC., et al.,                  :
                                              :
            Defendants.                       :
---------------------------------------------------------- :
GHIATH HAMMOUD, et al., Individually and : Civil Action No. 1:08-cv-05063-MGC
on Behalf of All Others Similarly Situated,   :
                                              : CLASS ACTION
            Plaintiffs,                       :
                                              :
    vs.                                       :
                                              :
NEXCEN BRANDS, INC., et al.,                  :
                                              :
            Defendants.                       :
---------------------------------------------------------- :
RONALD DOTY, Individually and On Behalf : Civil Action No. 1:08-cv-05172-MGC
of All Others Similarly Situated,             :
                                              : CLASS ACTION
            Plaintiff,                        :
                                              :
    vs.                                       :
                                              :
NEXCEN BRANDS, INC., et al.,                  :
                                              :
            Defendants.                       :
---------------------------------------------------------- x
[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF STEAMFITTERS LOCAL 449
PENSION FUND FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL

| | |
|---|---|
| FRANK B. FALKSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> vs.<br><br>NEXCEN BRANDS, INC., et al.,<br><br>       Defendants. | Civil Action No. 1:08-cv-06126-MGC<br><br><u>CLASS ACTION</u> |

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court are at least four-related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of NexCen Brands, Inc. ("NexCen" or the "Company") securities between May 10, 2007 and May 19, 2008, inclusive (the "Class Period"). The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional Investor Steamfitters Local 449 Pension Fund ("Steamfitters Local 449") hereby moves this Court for an Order to: (i) consolidate the Actions; (ii) appoint Steamfitters Local 449 as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Steamfitters Local 449's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Steamfitters Local 449 is the most adequate plaintiff, as defined by the PSLRA. Steamfitters Local 449 is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Steamfitters Local 449 is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the class.

During the Class Period, Steamfitters Local 449 incurred a $17,819.60 loss on its transactions in NexCen shares. *See* Alba Decl., Ex. B.[1] To the best of its knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions. In addition, Steamfitters Local 449, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[2]

NexCen operates as a brand management and franchising company in the United States and internationally. The Company owns, licenses, franchises, and markets a portfolio of brands, including Bill Blass, Waverly, The Athlete's Foot, Shoebox New York, Great American Cookies, MaggieMoo's, Marble Slab Creamery, Pretzel Time, and Pretzelmaker.

The complaint charges NexCen and certain of its officers and directors with violations of the Exchange Act. The complaint alleges that, during the Class Period, defendants issued a series of materially false and misleading statements that misrepresented and failed to disclose: (i) that the Company was able to finance a portion of the Great American Cookies acquisition by agreeing to an accelerated-redemption feature, which would force the Company to pay back half of its borrowing by a certain date; (ii) that the Company was unable to comply with this accelerated-redemption feature, which would reduce the amount of cash available to the Company; (iii) that the Company

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated July 28, 2008, and submitted herewith.

[2] These facts are drawn from the allegations in the complaint entitled *Mark Gray vs. NexCen Brands, Inc., et al.*, Civil Action No. 1:08-cv-04906-MGC (the "*Gray* Action").

had no reasonable basis for its earnings guidance for fiscal 2008; and (iv) as a result of the foregoing, the Company's ability to continue as a going concern was in serious doubt.

Then, on May 19, 2008, the Company announced that it "expects to amend the company's Annual Report on Form 10-K for the fiscal year ended December 31, 2007." The Company also stated that its prior financial guidance for 2008 "is no longer applicable." Moreover, the Company revealed that it "is actively exploring all strategic alternatives to enhance its liquidity, including potential capital market transactions, the possible sale of one or more of its businesses, and discussions with the company's lender."

Upon this news, shares of the Company's stock fell $1.95 per share, or 77%, to close at $0.58 per share, on heavy trading volume.

### III. ARGUMENT

#### A. The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of NexCen shareholders for alleged violations of the Exchange Act. The Actions name similar defendants (*i.e.*, the officers and directors of NexCen) and involve the same factual and legal issues. The Actions are each brought by shareholders of NexCen during the relevant time period who were injured by defendants' fraud that was perpetrated through the issuance of materially false and misleading statements. Consolidation is appropriate where there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Steamfitters Local 449 Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Gray* Action caused the first notice regarding the pendency of these Actions to be published on *Business Wire*, a national, business-oriented newswire service, on May 28, 2008. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Steamfitters Local 449 Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Steamfitters Local 449 Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on July 28, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on May 28, 2008, Steamfitters Local 449 timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Steamfitters Local 449 has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the class. *See* Alba Decl., Ex. C. In addition, Steamfitters Local 449 has selected and retained competent counsel to represent itself and the class. *See* Alba Decl., Ex. D. Accordingly, Steamfitters Local 449 has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

#### b. Steamfitters Local 449 Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately

benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Steamfitters Local 449, as an institutional investor, is precisely the type of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

### c.  Steamfitters Local 449 Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Steamfitters Local 449 incurred a $17,819.60 loss on its transactions in NexCen shares. *See* Alba Decl., Ex. B. Steamfitters Local 449 thus has a significant financial interest in this case. Therefore, Steamfitters Local 449 satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in these Actions and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d.  Steamfitters Local 449 Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715 (DHC), 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997).  Steamfitters Local 449 satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact").  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Steamfitters Local 449 satisfies this requirement because, just like all other class members, it: (1) purchased NexCen shares during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof.  Thus, Steamfitters

Local 449's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Steamfitters Local 449 to represent the class to the existence of any conflicts between the interest of Steamfitters Local 449 and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Steamfitters Local 449 is an adequate representative of the class. As evidenced by the injuries suffered by Steamfitters Local 449 and the class, the interests of Steamfitters Local 449 are clearly aligned with the members of the class, and there is no evidence of any antagonism between Steamfitters Local 449's interests and those of the other members of the class. Further, Steamfitters Local 449 has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Steamfitters Local 449's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Steamfitters Local 449 *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

    **C.**    **The Court Should Approve Steamfitters Local 449's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard,

Steamfitters Local 449 has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624 (MH), 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Accordingly, the Court should approve Steamfitters Local 449's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Steamfitters Local 449 respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Steamfitters Local 449 as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED: July 28, 2008　　　　　　　　　　COUGHLIN STOIA GELLER
　　　　　　　　　　　　　　　　　　　　　　　RUDMAN & ROBBINS LLP
　　　　　　　　　　　　　　　　　　　　　SAMUEL H. RUDMAN
　　　　　　　　　　　　　　　　　　　　　DAVID A. ROSENFELD
　　　　　　　　　　　　　　　　　　　　　MARIO ALBA JR.

　　　　　　　　　　　　　　　　　　　　　　　/s/ *Mario Alba Jr.*
　　　　　　　　　　　　　　　　　　　　　MARIO ALBA JR.

　　　　　　　　　　　　　　　　　　　　　58 South Service Road, Suite 200
　　　　　　　　　　　　　　　　　　　　　Melville, NY  11747
　　　　　　　　　　　　　　　　　　　　　Telephone:  631/367-7100
　　　　　　　　　　　　　　　　　　　　　631/367-1173 (fax)

　　　　　　　　　　　　　　　　　　　　　[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Mario Alba Jr.*
MARIO ALBA JR.

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
E-mail: MAlba@csgrr.com

NEXCEN

Service List - 7/25/2008    (08-0117)

Page 1 of 2

**Counsel For Defendant(s)**

Sue Nam
NexCen Brands, Inc.
1330 Avenue of the Americas, 40th Floor
New York, NY  10019

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Lynda J. Grant
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
150 East 52nd Street, 13th Floor
New York, NY  10022
   212/838-7797
   212/838-7745 (Fax)

Steve Toll
Daniel S. Sommers
S. Douglas Bunch
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, North, Suite 500
Washington, DC  20005
   202/408-4600
   202/408-4699 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Robert J. Dyer III
Jeffrey A. Berens
Dyer & Berens LLP
682 Grant Street
Denver, CO  80203-1764
   303/861-1764
   303/395-0393 (Fax)

Corey D. Holzer
Michael I. Fistel, Jr.
Marshall P. Dees
Holzer Holzer & Fistel, LLC
1117 Perimeter Center West, Suite E-107
Atlanta, GA  30338
   770/392-0090
   770/392-0029 (Fax)

NEXCEN

Service List - 7/25/2008    (08-0117)

Page 2 of 2

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Phillip Kim
Laurence Rosen
The Rosen Law Firm P.A.
350 Fifth Avenue
New York, NY  10118
   212/686-1060
   212/202-3827 (Fax)