USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X   :
                                                              :   Master File No. 1:08-CV-04906 (AKH)
IN RE NEXCEN BRANDS, INC.                                     :
SECURITIES LITIGATION                                         :
                                                              :
---------------------------------------------------------X

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, (i) Lead Plaintiff Vincent Granatelli ("Lead Plaintiff"), on behalf of himself

and the putative Class, and (ii) defendants NexCen Brands, Inc. ("NexCen"), Robert W.

D'Loren, David B. Meister and David S. Oros (collectively "Defendants") have entered, by and

through their respective counsel, into a settlement of the claims asserted in the Litigation, the

terms of which are set forth in a Stipulation and Agreement of Settlement, dated May 2, 2011

(the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil

Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for

the proposed settlement of the claims alleged in the Consolidated Amended Class Action

Complaint (the "Complaint") filed in the Litigation and the dismissal of them on the merits and

with prejudice, upon the terms and conditions set forth in the Stipulation; and the Court having

read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement

of Class Action" ("Notice"), the proposed "Summary Notice of Pendency and Proposed Class

Action Settlement" ("Summary Notice"), the proposed Plan of Allocation of the Net Settlement

Fund among Class Members, the proposed form of the Proof of Claim and Release ("Proof of

Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto,

and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 2011, that:

    1.     Capitalized terms used herein have the meanings defined in the Stipulation.

    2.     Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all persons who purchased the publicly-traded common stock of NexCen from March 13, 2007 through May 18, 2008. Excluded from the Class are:

    a.     Defendants, and the members of their immediate families and Defendants' heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and NexCen's predecessors;

    b.     Present and former officers and/or directors of NexCen;

    c.     All shares of NexCen owned, legally or beneficially, *on otherwise controlled* by Willow Creek Capital Partners, L.P., a Delaware limited partnership; Willow Creek Long Biased Fund, L.P., a Delaware limited partnership; Willow Creek Short Biased 30/130 Fund, L.P., a Delaware limited partnership; Willow Creek Offshore Fund, a Cayman Islands limited liability company; and Multi-Manager Investment Programmes PCC limited, a Guernsey Channel Islands protected cell company, acting in relation to its cell, US Equity Master Fund (all collectively "Willow Creek") and all such entities' general partners and managing members, and their successors, assigns, heirs, executors, administrators, trustees and any firm, trust, corporation, or entity in which any of them has a controlling interest; and

    d.     Those persons who file valid and timely requests for exclusion in accordance with this Order.

3.     The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law and fact common to the Class Members; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) the Lead Plaintiff will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Lead Plaintiff is certified as the class representative on behalf of the Class and the Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Class.

5.     A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on _Dec . 2_, 20_11_ at _____ for the following purposes:

(a)     to finally determine whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

(b)     to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with

prejudice, and to determine whether the release by the Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

(d)     to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Lead Plaintiff's Counsel for an award of Attorneys' Fees and Expenses;

(f)     to consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Class Members (or by counsel on their behalf); and

(g)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded Attorneys' Fees and Expenses.

7.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Class where to do so would not impair Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

8.     The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice, and (c) the Proof of Claim, all of which are exhibits to the Stipulation.

9. Lead Plaintiff's Counsel has the authority to enter into the Stipulation on behalf of the Class and is authorized to act on behalf of the Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

10. Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

11. Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, within thirty (30) days of the entry of this Order, to all Class Members who can be identified with reasonable effort by the Claims Administrator (the "Notice Date").

12. Lead Plaintiff's Counsel are authorized to establish an Escrow Account and to pay all Notice and Administration Expenses from it, both before and after the Effective Date of the Settlement.

13. Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of NexCen common stock currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Plaintiff's Counsel or the Claims Administrator within twelve (12) days of receipt of a copy of this Order or the Notice.

14. Lead Plaintiff's Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased NexCen common stock during the Class Period. Such nominee purchasers are directed to forward copies of the Notice and Proof of Claim to their beneficial

Page 5 of 12

owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, both within twelve (12) days of receipt of a copy of this Order or the Notice. The Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim to beneficial owners.

15.     Lead Plaintiff's Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Class Members and to nominees.

16.     Lead Plaintiff's Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in on a website to be established by lead plaintiff, and by a press release, the *Investor's Business Daily* within ten (10) days after the Notice Date. Lead Plaintiff's Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

17.     The forms and methods set forth herein of notifying the Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class

Page **6** of **12**

Member failed to receive actual or adequate notice.

18.    In order to be entitled to participate in recovery from the Net Settlement Fund
after the Effective Date, each Class Member shall take the following action and be subject to the
following conditions:

(a)    A properly completed and executed Proof of Claim must be submitted to
the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later
than one-hundred and eighty (180) days from the Notice Date. Such deadline may be further
extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted
when legibly postmarked (if properly addressed and mailed by first-class mail) provided such
Proof of Claim is actually received before the filing of a motion for an Order of the Court
approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other
manner shall be deemed to have been submitted when it was actually received by the
Administrator at the address designated in the Notice.

(b)    The Proof of Claim submitted by each Class Member must satisfy the
following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner
in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by
adequate supporting documentation for the transactions reported therein, in the form of broker
confirmation slips, broker account statements, an authorized statement from the broker
containing the transactional information found in a broker confirmation slip, or such other
documentation as is deemed adequate by the Claims Administrator or Lead Plaintiff's Counsel;
(iii) if the person executing the Proof of Claim is acting in a representative capacity, a
certification of his current authority to act on behalf of the Class Member must be provided with
the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material

deletions or modifications of any of the printed matter contained therein and must be signed
under penalty of perjury.

(c)     Once the Claims Administrator has considered a timely-submitted Proof
of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim
determined to be either deficient or rejected, the Claims Administrator shall send a deficiency
letter or rejection letter as appropriate, describing the basis on which the claim was so
determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected
shall be afforded thirty (30) days (which the Court deems a reasonable amount of time) to cure
such deficiency if it shall appear that such deficiency may be cured.

(d)     For the filing of and all determinations concerning their Proof of Claim,
each Class Member shall submit to the jurisdiction of the Court.

19.     All Class Members who do not submit valid and timely Proofs of Claim will be
forever barred from receiving any payments from the Net Settlement Fund, but will in all other
respects by subject to and bound by the provisions of the Stipulation and the Order and Final
Judgment, if entered.

20.     Class Members shall be bound by all determinations and judgments in the
Litigation, whether favorable or unfavorable, unless such persons request exclusion from the
Class in a timely and proper manner, as hereinafter provided. A Class Member wishing to make
such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise
deliver it, so that it is received no later than twenty (20) days prior to the Final Settlement
Hearing, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate
the name and address and phone number and e-mail contact information (if any) of the person
seeking exclusion, state that the sender specifically requests to be excluded from the Class, and

must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of NexCen common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Plaintiff's Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.    Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund.

22.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses, only if such comments or objections and any supporting papers are served to be received at least twenty (20) days prior to the Final Settlement Hearing, upon each of the following:

**LEAD PLAINTIFF'S COUNSEL**

Lisa M. Mezzetti, Esq.
Matthew B. Kaplan, Esq.
COHEN MILSTEIN
SELLERS & TOLL PLLC
1100 New York Avenue, NW
Suite 500 West Tower
Washington, DC 200005

**COUNSEL FOR DEFENDANTS NEXCEN
BRANDS, INC. AND DAVID S. OROS**

Lori A. Martin, Esq.
Jonathan A. Shapiro, Esq.
David F. Olsky, Esq.
David Burkoff, Esq.
WILMER CUTLER PICKERING HALE AND
DORR LLP
399 Park Avenue
New York, NY 10022

and the objector has (by that same date) filed said objections, papers and briefs, showing due

proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court,

Southern District of New York, 500 Pearl Street, New York, New York 10007. Attendance at

the Final Settlement Hearing is not necessary but persons wishing to be heard orally in

opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees

and Expenses are required to indicate in their written objection (or in a separate writing that is

submitted in accordance with the deadline and instructions pertinent to the submission of a

written objection) that they intend to appear at the Final Settlement Hearing and identify any

witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final

Settlement Hearing.  Class Members do not need to appear at the Final Settlement Hearing or

take any other action to indicate their approval.

23. Any Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses.

24. The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Class.

25. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses shall be filed and served thirty (30) days before the Final Settlement Hearing.

26. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses shall be filed no later than seven (7) days prior to the Final Settlement Hearing.

28. Pending final determination of whether the Settlement should be approved, all Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims. In addition, the Litigation is stayed.

29. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed

before the execution of the Stipulation, pursuant to the terms of the Stipulation.

30.     The Court retains exclusive jurisdiction over the action to consider all further

matters arising out of, or relating to, the Settlement, including by way of illustration and not

limitation, any dispute concerning any Proof of Claim filed by any Class Member and any future

requests by one or more of the Settling Parties that the Final Order and Judgment, the Release

and/or the permanent injunction set forth in the Stipulation be enforced.

Dated: **Jul 5**, 2011

HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE