USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE NEXCEN BRANDS, INC. SECURITIES LITIGATION : Master File No. 1:08-CV-04906 (AKH)

-------------------------------------------------------------X

**~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT**

On the 2 day of Dec., 2011 a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 2, 2011 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) the Class against (ii) defendants NexCen Brands, Inc. ("NexCen"), Robert W. D'Loren, David B. Meister and David S. Oros (collectively "Defendants"); (2) whether judgment should be entered dismissing the Consolidated Amended Class Action Complaint (the "Complaint") on the merits and with prejudice, in favor of the Defendants and as against all persons or entities who are members of the defined Class who have not requested exclusion therefrom; and (3) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Class Members; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, all Class Members and the Defendants.

3. The District Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiff are typical of the claims of the Class he seek to represents; (d) Lead Plaintiff fairly and adequately represents the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Class all persons or entities who purchased the publicly-traded common stock of NexCen from March 13, 2007 through May 18, 2008, and who were damaged thereby. Excluded from the Class are:

a. Defendants, and the members of their immediate families and Defendants' heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and NexCen's predecessors;

b. Present and former officers and/or directors of NexCen; and

c. Willow Creek Capital Partners, L.P., a Delaware limited partnership; Willow Creek Long Biased Fund, L.P., a Delaware limited partnership; Willow Creek Short Biased 30/130 Fund, L.P., a Delaware limited partnership; Willow Creek Offshore Fund, a Cayman Islands limited liability company; and Multi-Manager Investment Programmes PCC limited, a Guernsey Channel Islands protected cell company, acting in relation to its cell, US Equity Master Fund (all collectively "Willow Creek") and all such entities' general partners and managing members, and their successors, assigns, heirs, executors, administrators, trustees and any firm, trust, corporation, or entity in which any of them has a controlling interest.

5. The Notice informed Class Members of the method by which they could exclude themselves from the Class, or submit objections to or comments on the proposed Settlement. No Class Member has filed any request for exclusion in accordance with the Preliminary Approval Order. In addition, no person has filed any objection to or comment on the Settlement.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiff is certified as the class representative and the Lead Plaintiff's Counsel previously selected by Lead Plaintiff and appointed by the Court is hereby appointed as Lead Counsel for the Class.

7. The Court hereby finds that the forms and methods of notifying the Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein,

including the Settlement and Plan of Allocation. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment except those persons listed on Exhibit A.

8. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and the Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation. The terms of the Stipulation are hereby approved.

9. The Litigation and the Complaint are hereby dismissed with prejudice and without costs.

10. Lead Plaintiff and the Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever relinquish and discharge the Released Parties from any and all Settled Claims. Lead Plaintiff and the Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

11. Each of the Defendants, including any and all of their respective successors in interest or assigns, hereby releases and forever relinquishes and discharges any and all Settled Defendants' Claims against the Lead Plaintiff, any of the Class Members and any of their

counsel, including Lead Counsel for the Class and any counsel working under Lead Counsel's direction.

12. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any Person or entity against Defendants (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiff or the Class, are hereby permanently barred and discharged. Any such claims brought by Defendants against any Person or entity are likewise permanently barred and discharged. However, nothing in this Stipulation shall apply to bar or otherwise affect any claim for insurance coverage by any Defendant.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against the Released Parties or against the Lead Plaintiff or the Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or against the Lead Plaintiff or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

(d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any Settling Party in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15. Exclusive jurisdiction is hereby retained over the Settling Parties and the Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation of Settlement and this Order and Final Judgment; the Plan of Allocation and its approval; and any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiff's Counsel's application for an award of Attorneys' Fees and Expenses.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs C.3, C.4, C.5, E.1, E.3, E.4, E.5, L.3, L.4, L.5, M.3, M.5, M.9, M.10, M.11, M.12, and M.13 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to

the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation.

Dated: Dec. 2 2011

[signature]
HON. ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

This order shall remain subject to review and comment by the non-party Federal and State officials entitled to do so under the Class Action Fairness Act, 28 U.S.C. § 1715(d). Following expiration of the 90-day period, id., the parties shall submit a proposed order for the Court's consideration.

12/2/11 [signature]