USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/5/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE NEXCEN BRANDS, INC. SECURITIES LITIGATION<br><br>This document relates to: all actions | Master File No. 1:08-cv-04906-AKH |

## [PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S AND PLAINTIFF'S COUNSEL'S PETITION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

WHEREAS the Court has granted final approval to the Settlement of this class action;

WHEREAS Lead Plaintiff, Vincent J. Granatelli and Lead Counsel, Cohen Milstein Sellers & Toll PLLC, with The Rosen Law Firm P.A. (the two law firms, together, are "Plaintiff's Counsel"), have petitioned the Court for an award of attorneys' fees in compensation for the legal services provided to Lead Plaintiff and the Class and for reimbursement of expenses incurred in connection with the prosecution of this litigation, to be paid out of the Settlement Fund established pursuant to the Settlement; and

WHEREAS, the Court has reviewed the Lead Plaintiff's Motion concerning these fees and expenses and the supporting materials filed therewith, including Lead Plaintiff's Declaration, and has heard the presentation made by Plaintiff's Counsel during the final approval hearing on December 2, 2011, and due consideration having been had thereon,

NOW, THEREFORE, it is hereby ordered:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated May 2, 2011, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the petition and all matters relating thereto, including all members of the Class.

1

3. Plaintiff's Counsel are awarded $850,000 from the Settlement Fund as attorneys' fees in this litigation.

4. The award of attorneys' fees shall be allocated between Plaintiff's Counsel in a fashion which, in the opinion and sole discretion of Lead Counsel, fairly compensates Plaintiff's Counsel for their respective contributions to the prosecution of the litigation.

5. The expenses of Plaintiff's Counsel shall be reimbursed from the Settlement Fund in the amount of $63,855.05

Except as otherwise provided herein, the attorneys' fees and reimbursement of expenses shall be paid in the manner and procedure provided for in the Stipulation. The attorneys' fees and expenses, and the Claims Administrator's fees and expenses, approved by the Court in this Order shall be payable from the Settlement Fund to Lead Counsel, on behalf of Plaintiff's Counsel, immediately upon entry of this Order, notwithstanding the existence of any potential appeal or collateral attack on this Order.

6. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) the Settlement has created a fund of $4 million in cash, plus interest to be earned thereon, and Class Members who file timely and valid claims will benefit from the Settlement created by Plaintiff's Counsel;

(b) as ordered by the Court, and as evidenced by the Affidavit of Paul Mulholland CPA, CVA Concerning Notice by Mailing and Publication and Other Issues of Class Action Administration, due and adequate, and the best practicable, Notice was disseminated to putative Class Members indicating that at the December 2, 2011 hearing, Plaintiff's Counsel intended to seek a fee of up to 30% of the Settlement Fund in attorneys' fees and reimbursement of their litigation expenses in an amount not to exceed $70,000;

(c) the Summary Notice and Press Release were published, as ordered by the Court;

(d) any objections of Class Members to the petition for Plaintiff's Counsel's fees and expenses were due by November 14, 2011, and no Class Member has filed any objection to the petition;

(e) Plaintiff's Counsel have litigated this case fully and achieved the Settlement;

(f) the prosecution of this litigation involved complex factual and legal issues and was actively prosecuted since its filing and, in the absence of the Settlement, would have continued to involve complex factual and legal questions;

(g) if Plaintiff's Counsel had not achieved the Settlement, there was a risk of either a smaller or no recovery; and

(h) the amount of attorneys' fees awarded from the Settlement Fund is reasonable in view of the applicable legal principles and the particular facts and circumstances of this action, and is consistent with awards in similar cases, and the expenses reimbursed from the Settlement Fund are fair and reasonable and were necessarily incurred in connection with the prosecution and settlement of this action.

7. The Court-appointed Claims Administrator, Strategic Claims Services, is reimbursed for the expenses of claims administration it has incurred to date in the amount of $33,977.02, which shall be paid out of the Settlement Fund. Lead Counsel is authorized to pay any additional invoices of the Claims Administrator from the Settlement Fund as they become due and as Lead Counsel finds appropriate *up to, but not exceeding, in the aggregate, $53,000*. *(AH)*

8. The Court has, and retains and reserves, jurisdiction over all matters concerning the administration, consummation, enforcement and interpretation of the Stipulation and this Order, and for any other necessary purpose.

IT IS SO ORDERED.

Dated *Dec. 2*, 20*11*

*[signature]*
UNITED STATES DISTRICT JUDGE

*This order shall remain subject to review and comment by the non-party Federal and State officials entitled to do so under the Class Action Fairness Act, 28 U.S.C. § 1715(d). Following expiration of the 90-day period, id., the parties shall submit a proposed order for the Court's consideration.*

*[signature]*